JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FREDERICK L. MCFADDEN

## DEFENDANTS
AKER SOLUTIONS INC. and G.A. WEST & CO.

**(b)** County of Residence of First Listed Plaintiff   Mobile County, Alabama
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Briskman & Binion, P.C.
205 Church Street
Mobile, Alabama  36602   (251) 433-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
   Plaintiff

☐ 2  U.S. Government
   Defendant

☐ 3  Federal Question
   *(U.S. Government Not a Party)*

☒ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from Another District *(specify)*  
☐ 6 Multidistrict Litigation - Transfer  
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et seq. and 42 U.S.C. § 1981
Brief description of cause:
Redress deprivation of rights due to racial discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/14/2017

SIGNATURE OF ATTORNEY OF RECORD
s/CHARLES J. POTTS

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK L. MCFADDEN, | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 1:17-CV-00115 |
| | * | |
| AKER SOLUTIONS INC. and G. A. WEST | * | |
| & CO., | | |
| | * | |
|    Defendants. | * | |

## COMPLAINT

COMES NOW the Plaintiff, FREDERICK MCFADDEN ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendants ACKER SOLUTIONS INC. ("Aker") and G. A. WEST & CO. ("West") hereby states and alleges as follows:

## NATURE OF THE CASE

1.    This is an action for damages, declaratory, and injunctive relieve to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et *seq.* (hereinafter "Title VII"), and 42 U.S.C. § 1981, for racial discrimination.

## JURISDICTION AND VENUE

2.    This action arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.,* and under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3.    Jurisdiction over this action is conferred on this Court by 42 U.S.C. §§ 2000(e), *et seq.,* and by 42 U.S.C. § 1981.

4.    Venue is proper pursuant to 208 U.S.C § 1391(b) & (c) because Defendants each do business in this District and a substantial part of the conduct giving rise to the claims occurred in this District.

## PARTIES

5.     Plaintiff, Frederick L. McFadden, is an individual over the age of 19 and a resident citizen of Mobile County, Alabama.

6.     Defendant, Aker, is a foreign corporation organized under the laws of the State of Delaware with its principle place of business located in Houston, Texas.  Aker employs at least fifty (50) persons and does business in the State of Alabama, including this District.

7.     Defendant, West, is a domestic corporation organized under the laws of the State of Alabama with its principle office and place of business located in Chunchula, Alabama.  West employs at least fifty (50) persons and does business in the state of Alabama, including this District.

8.     Defendants Acker and West were, at all times material hereto, Plaintiff's employers as defined by Title VII, 42 U.S.C. § 1981, and applicable law.

## ADMINISTRATIVE PROCEDURES

9.     Within 180 days of learning of the acts of discrimination of which Plaintiff complains, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission (hereinafter "EEOC"), Charge Number 425-2015-00670.

10.     On or about September 7, 2016, the EEOC rendered its determination which found, based on the evidence, that reasonable cause existed that Plaintiff's discharge from employment was discriminatory in violation of Title VII of the Civil Rights Act of 1964. See "Letter of Determination", Exhibit "A" attached hereto and incorporated by reference.

11.     The EEOC issued its "Right to Sue" letter on or about December 19, 2016.  See Exhibit "B".  Less than 90 days have elapsed since Plaintiff received same.

## STATEMENT OF THE FACTS

12.     Plaintiff was hired by West to work at Acker.

13.     Thereafter, Plaintiff worked for West at Acker.  At all times material, prior to discharge, Plaintiff was a good employee who had not been disciplined for any purpose.

14.     On or about February 25, 2015, Plaintiff was terminated by Aker, acting by and through its agents, servants and/or employees, for allegedly using his cell phone while on the job.

15.     Plaintiff's termination by Aker and West, jointly and separately, was racially motivated and discriminatory in that Plaintiff, who is African-American, was terminated for an activity, to wit: cell phone use, whereas other non-minority, Caucasian employees at Acker were not terminated when they engaged in the exact same activity under circumstances substantially the same or similar to those under which Plaintiff was terminated.

16.     West agreed, acquiesced and ratified the racial discrimination perpetrated against Plaintiff by Acker and terminated Plaintiff's employment which was premised on the racially discriminatory grounds used by Aker and did not attempt to accommodate Plaintiff with respect to further employment.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1981 FOR RACIAL DISCRIMINATION

17.     Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein against both Acker and West, jointly and separately.

18.     The Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination in the making and enforcements of contracts, including but not limited to all privileges and conditions of the contractual relationship and termination of contracts on the basis of race.

19.     Plaintiff had an at-will employment agreement with Defendants.

20.     Plaintiff's race was a determining factor in Acker's decision to terminate Plaintiff,

and in West's decision to acquiesce in and ratify said termination, and to subject Plaintiff to less favorable terms and conditions of employment during his employment under Acker through West.

21.     Acker, as Plaintiff's actual, borrowing, or *de facto* employer, knowingly and willfully discriminated against Plaintiff on the basis of his race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

22.     West agreed, acquiesced, and ratified in the knowing and willful discrimination against Plaintiff by Acker in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

23.     As a direct and proximate result of Defendants' joint and several unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and other consequential damages in amounts to be proven at trial.

## COUNT TWO
## VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000(e) *et seq.,*
## FOR RACIAL DISCRIMINATION

24.     Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein against both Acker and West, jointly and separately.

25.     Plaintiff's race was a determining factor in Acker's decision to terminate Plaintiff's employment and to subject Plaintiff to less favorable terms and conditions of employment.

26.     Plaintiff's race was a determining factor in West's decision to acquiesce, ratify and agree with Acker's decision to terminate Plaintiff's employment based on racially discriminatory grounds.

27.     Acker and West, jointly and separately, knowingly and willfully discriminated against Plaintiff on the basis on his race in violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000(e) *et seq.*

28.     As a direct and proximate result of Defendants' joint and several unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation, and other consequential damages in amounts to be proven at trial.

<u>**COUNT THREE**</u>
<u>**NEGLIGENT AND/OR WANTON HIRING, TRAINGING,**</u>
<u>**SUPERVISION AND RETENTION**</u>

29.     Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein against both Acker and West, jointly and separately.

30.     Acker and West, jointly and separately, negligently, recklessly, wantonly and/or intentionally hired officers, managers and/or supervisors within each of their respective corporations that each knew would engage in discriminatory practices with Plaintiff based upon his race.

31.     Said officers, managers, and/or supervisors, knew, or in the exercise of reasonable care, should have known that widespread, corporate sponsored race discrimination was being engaged in by their employees with authority to hire, fire and/or promote, yet did nothing to prevent such discrimination by its high-level employees.

32.     Acker and West, jointly and separately, once they had actual knowledge of the race based discrimination engaged in by its managerial employees, and with a conscious disregard for the rights of the Plaintiff, failed to halt said discrimination; failed to discipline and/or terminate the offending employee(s); retained said offending employee(s) in his or their managerial capacities and encouraged additional discrimination by said employee(s).

33.     As a direct and proximate consequence of the Defendants' joint and several negligent, reckless, wanton and/or intentional behavior, the Plaintiff has been injured and

damaged as follows:

      (a)     He was caused to suffer direct and continuing financial losses, including, but not limited to, lost wages, salary, benefits and other financial opportunities;

      (b)     He was not afforded an opportunity to advance with the Defendants' corporations and was denied the benefit thereof;

      (c)     He has suffered other financial damages including attorney's fees and costs;

      (d)     He has suffered and will continue to suffer embarrassment and humiliation;

      (e)     He has suffered and will continue to suffer mental anguish and emotional distress;

      (f)     He has suffered and will continue to suffer lost career opportunities;

      (g)     He has otherwise been injured and damaged;

34.     As a direct and approximate result of Defendants' joint and several unlawful actions and inactions, including wanton or intentional misconduct, Plaintiff has suffered and continues to suffer lost wages, emotional distress, humiliation and other consequential injuries for which he seeks all compensatory and punitive damages as may be allowed by law to be assessed by the jury at trial.

### PRAYER FOR RELIEF AS TO ALL COUNTS

     WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays the court reward him the following relief:

1.     Enter a judgement for the Plaintiff as to the Defendants' liability and

responsibility for Plaintiff's damages, jointly and separately;

2.      Enter a judgement for Plaintiff's lost wages, including any lost fringe benefits which resulted from the illegal discrimination;

3.      Enter a judgement for all compensatory and punitive damages, including mental and emotional distress, back pay and front pay;

4.      Attorney's fees and costs; and,

5.      Such other and further relief as it just and proper, including, but not limited to, equitable and injunctive remedies to prevent Aker and West from engaging in the same or similar discriminatory practices against the Plaintiff and other like persons in all protected minority groups.


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted on March 14th, 2017.


*/s/ Charles J. Potts*
MACK B. BINION (BINIM7778)
CHARLES J. POTTS (POTTC0053)
*Attorneys for Plaintiff/Counter-Claim Defendants*

OF COUNSEL:

**BRISKMAN & BINION, P.C**.
Post Office Box 43 (36601)
205 Church Street
Mobile, Alabama 36602
T: (251) 433-7600
F: (251) 433-4485
mbinion@briskman-binion.com
cpotts@briskman-binion.com

**THE FOLLOWING TO BE SERVED BY USPS CERTIFIED MAIL:**

G. A. West & Co., Inc.
c/o Registered Agent in Alabama
National Corporate Research LTD Inc
2094 Myrtlewood Drive
Montgomery, Alabama  36111

Aker Solutions Inc.
c/o Registered Agent in Alabama
C T Corporation System
2 North Jackson S., Suite 605
Montgomery, Alabama  36104